IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

REBECCA WALLS                                                                                    PLAINTIFF

V.                                                                       CIVIL ACTION NO. 1:15-CV-203-SA-RDP

PONTOTOC HEALTH SERVICES, INC.,
and NORTH MISSISSIPPI HEALTH
SERVICES                                                                                        DEFENDANTS

MEMORANDUM OPINION

This matter arises from Plaintiff's claims under the ADEA for age discrimination. Defendant Pontotoc Health Services, Inc. filed its Motion for Summary Judgment [60]. Plaintiff responded [70] and Defendant replied [20].

*Factual and Procedural Background*

Pontotoc Health Services, Inc. ("PHS") employed Walls for approximately eight years as an Administrative Assistant. Originally hired by Fred Hood, the administrator of PHS's hospital and nursing home, Walls' responsibilities included scheduling emergency room staff, making appointments, and answering phone calls, among other administrative tasks. Though Hood insinuated that he was happy with Walls as an employee, he also testified that Walls had allowed personal issues to distract her from her job, and he consistently gave her low evaluation scores. The overall scores ranked at "met requirements," but Walls received the second lowest possible ranking regarding quality of work, specifically.

In April 2014, Walls received a disciplinary action because she prematurely informed a nurse practitioner who worked in the emergency room that her position was going to be eliminated. Walls had learned this confidential information in her role as assistant to Hood, and she was not permitted to share it. However, she told the employee because she "felt compassion

for her," as a single mother. In any event, this was considered a serious breach of confidentiality, and Hood noted that it was inappropriate and unacceptable. Walls was informed that further breaches would result in termination. She acknowledged that this was a poor lapse of judgment, and successfully completed her "commitment to change," a write-up and mandatory compliance plan issued when employees must change an unacceptable behavior.

Later that year, Hood retired from his position and was replaced by Leslia Carter. Carter quickly noticed deficiencies in Walls' performance. Carter addressed these issues during a meeting, wherein she allegedly called Walls a "troublemaker and a liar." Carter's issues with Walls included her general attitude at work, her inability to prepare legible copies for an important meeting, accidentally sharing confidential information with an unintended recipient via email, failing to maintain personnel files, spreading rumors and instigating conflicts, scheduling meetings too close together, and a general failure to perform necessary administrative clerical duties. According to Carter, Walls was unable to answer questions regarding where important documents were, and did not have information regarding funding for which she was responsible. Carter also complained that Walls frequently informed her of her opinions of others and rumors regarding various directors and employees. Carter found her behavior unprofessional and noted her inability to take responsibility for her actions. These behaviors made Carter lose confidence in Walls, so she reviewed Walls' personnel file. Carter saw Walls' recent poor performance reviews, and allegedly decided to terminate her based on her findings.

Walls argues that Carter has mischaracterized her mistakes, explaining that she did not have most of these responsibilities under her previous supervisor, and was therefore unaware. She posits that she was a great employee, as indicated by her overall decent evaluations, and her

coworker's opinions. Regarding specific problems, she provides specific explanations for why she should not be blamed for the incidents.

In any event, after her termination, Walls applied for employment with other entities, some of whom were connected to PHS, and some were not. Believing that these entities were retaliating against her by failing to hire her, Walls' complaint originally alleged retaliation and failure to hire, as well as age discrimination. However, Walls has abandoned her retaliation and failure to hire claim. Furthermore, upon Plaintiff's unopposed Motion to Dismiss, the Court has dismissed North Mississippi Health Services, Inc. from the action. Therefore, before the Court is the remaining ADEA claim against PHS on Defendants' Motion for Summary Judgment.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when ...

3

both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Analysis and Discussion*

Under the ADEA, an employer may be liable for "discharg[ing] any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To prove discriminatory termination under the ADEA, the plaintiff must show that but for the alleged discrimination, she would not have been terminated. *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 176, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009). When, as here, a plaintiff seeks to establish her claim with circumstantial evidence only, the Court assesses the sufficiency of the evidence using the *McDonnell Douglas* burden-shifting framework. *Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013) (citation omitted).

Within the *McDonnell Douglas* contours, the Plaintiff must first establish a prima facie case of age discrimination, "at which point, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for the employment decision." *Berquist v. Washington Mutual Bank*, 500 F.3d 344, 349 (5th Cir. 2007). If the employer meets its burden of production, the Plaintiff must introduce evidence from which a jury could infer that the employer's proffered reasons are not true—but are instead a pretext for discrimination—or that even if the employer's

reasons are true, the Plaintiff was terminated "because of" her age. *Miller*, 716 F.3d at 144 (citing *Gross,* 557 U.S. at 180, 129 S. Ct. 2343). To demonstrate pretext under the ADEA, Plaintiff must offer evidence to rebut *each* of the employer's proffered reasons. *E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996) (en banc) (quoting *Grimes v. Tex. Dept. of Mental Health & Mental Retardation*, 102 F.3d 137, 140–41 (5th Cir. 1996)).

### *Prima Facie Case*

To establish a prima facie case of discriminatory termination under the ADEA, the Plaintiff must demonstrate that she: (1) was discharged, (2) was qualified for the position held, (3) was a member of the protected class, and (4) was either replaced by someone younger, replaced by someone outside the protected class, or otherwise discharged because of her age. *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011) (citing *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)). Plaintiff was fifty-eight years old at the time she was discharged by PHS. Therefore, she satisfies the first and third prongs. However, Defendant disputes whether Plaintiff was qualified.

Arguing that in order to be qualified, an employee must perform at a level which meets an employer's legitimate expectations, Defendant alleges that Plaintiff cannot formulate a prima facie case because she did not perform at the expected level. Defendant cites poor performance reviews before Carter assumed the Administrator role, as well as Plaintiff's errors afterwards.

However, Defendant's argument is not well taken. The Fifth Circuit has reasoned that "[p]lacing a plaintiff's 'qualifications' in issue at both the prima facie case and pretext stages of a termination case is an unnecessary redundancy. *See Bienkowski v. Am. Airlines, Inc*., 851 F.2d 1503, 1505 (5th Cir. 1988). A "plaintiff challenging his termination or demotion can ordinarily establish a prima facie case of age discrimination by showing that he continued to possess the

necessary qualifications for his job at the time of the adverse action." *Id*. The Court elaborated, "[b]y this we mean that plaintiff had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered him unfit for the position for which he was hired." *Bienkowski*, 851 F.2d at 1506 n. 3; *see also Berquist*, 500 F.3d at 350. "The lines of battle may then be drawn over the employer's articulated reason for its action and whether that reason is a pretext for age discrimination." *Id*. Defendant's argument regarding Plaintiff's job performance is reserved for the pretext analysis. For prima facie purposes, Plaintiff was qualified.

Additionally, Plaintiff was replaced by someone younger. Ashley Clowers, who had been Carter's assistant when Carter previously held the position of Post-Acute and Rehabilitation Services Administrator at North Mississippi Medical Center in Tupelo, was chosen by a committee to replace Walls. She was selected out of a pool of applicants after an interview process wherein committee members ranked applicants. Clowers was ranked the highest among the candidates, and Carter was not present during the interviews or the ranking and selection. Clowers is thirty years old.

Therefore, as Plaintiff was qualified, but terminated and then replaced by someone younger, she has established a prima facie case.

*Non-Discriminatory Reasons and Pretext*

With Plaintiff's prima facie burden established, the burden shifts to Defendant to provide at least one legitimate nondiscriminatory reason for terminating Plaintiff. *Berquist,* 500 F.3d at 349. Defendant's reason or reasons for the adverse employment action need not be persuasive or credible. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993); *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 898 (5th Cir. 2002). Instead, its

burden is to produce "evidence, which, '*taken as true,* would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action.'" *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (quoting *Hicks*, 509 U.S. at 509, 113 S. Ct. 2742).

Defendant cites several problems with Plaintiff's work performance, including scheduling meetings incorrectly, the inability to make legible copies, failing to maintain personnel files, and sending emails to incorrect recipients. Plaintiff also purportedly spread rumors and attempted to instigate conflicts, and she was unable to locate documents within the office that were necessary to what Defendant considered to be her job. This caused Defendant to believe that Plaintiff was incompetent. Accordingly, Defendants have met their burden of production.

Proceeding to the final stage in the McDonnell Douglas analysis, Plaintiff must provide sufficient evidence from which a jury could reasonably infer that Defendant's reasons are merely pretextual. Under the ADEA, a plaintiff must prove that age was the "but for" cause of the challenged adverse employment action. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 928 (5th Cir. 2010) (citing *Gross*, 557 U.S. at 173–80, 129 S. Ct. 2343). "But-for" cause means the cause without which the challenged adverse employment action would not have occurred. *See Long v. Eastfield Coll.*, 88 F.3d 300, 305 n. 4 (5th Cir. 1996) (citations omitted). Pretext may be demonstrated "through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Moss*, 610 F.3d at 922 (quoting *Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 378–79 (5th Cir. 2010)).

Plaintiff argues that Defendant's reasons are pretextual, and attempts to show that Defendant's proffered explanation is false. Plaintiff alleges that Hood gave her overall satisfactory ratings, as did a former employee, Gerald Wages. Wages, who did not work with

7

Walls directly, testified that he was not aware of any issues with Plaintiff's work performance, and that he was surprised when he found out that she had been terminated. Next, Plaintiff argues that Defendant's complaints were "frivolous and petty," and that Carter mischaracterized her mistakes. Plaintiff explains that the copier problems were resultant of unreliable copiers, and she could not have corrected them. She blames the email incident on an incorrect list of recipients that she had originally received from Hood. She disputes whether the personnel file problem was her mistake, and asserts that she was not trying to gossip or create friction in the work place. Plaintiff also points to the MDES determination that PHS had not demonstrated that Walls was discharged for misconduct.

Regarding disparate treatment, Plaintiff argues that Carter could not have formed an opinion regarding her because of the brief time that they worked together. Conversely, Clowers, who was only thirty, visited Carter before 8:00 a.m., and the two amicably discussed interior design in the office. Therefore, Plaintiff alleges Carter preferred someone younger, like Clowers, and Carter showed this by being hostile towards Plaintiff while friendly with Clowers.

However, while Plaintiff harbors general complaints about Carter's treatment on a personal level, she cannot meet her burden to show that her age was the but-for cause of her termination. Plaintiff has failed to allege that she suffered disparate treatment as compared to other employees who were similarly situated, and she has not shown that the employer's proffered explanation is "unworthy of credence." Moreover, she does not dispute her poor performance, but rather attempts to explain why it was excusable in her situation. In sum, other than Plaintiff's general disagreement with Carter regarding her job performance, Plaintiff's only evidence of discrimination is that she was replaced by someone substantially younger than herself. However, though this is properly considered in establishing a prima facie case, it is

insufficient, standing alone, to establish pretext. *See Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991) (explaining that the fact that plaintiff's replacement was only thirty-nine years old "was properly considered in establishing [plaintiff's] prima facie case, but it is clearly insufficient for [plaintiff's] ultimate burden of proving intentional age discrimination"). Furthermore, a "dispute in the evidence concerning . . . job performance does not provide a sufficient basis for a reasonable factfinder to infer that [the] proffered justification is unworthy of credence." *Id.*

*Conclusion*

Plaintiff failed to raise a genuine issue of material fact that would preclude summary judgment. Plaintiff's own conclusory allegations that her employment was terminated because of her age are insufficient because "an employee's own subjective belief of discrimination, no matter how genuine, cannot serve as the basis for judicial relief." *Evans v. Tex. Dep't of Transp.*, 547 F. Supp. 2d 626, 648 (E.D. Tex. 2007), *aff'd*, 273 F. App'x 391 (5th Cir. 2008) (per curiam). Plaintiff has not rebutted Defendant's "evidence of a legitimate, nondiscriminatory reason for [her] termination" or provided any reason for the court conclude that Defendant's explanations are false. *Id.* Therefore, the Defendant's Motion for Summary Judgment is hereby GRANTED. Plaintiff's claims are dismissed, and the case is CLOSED.

IT IS SO ORDERED this the 14th day of March, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE